...claims they don't belong here. 2009-1472. We'll hear from Mr. Ahrens. Your Honor, before I begin, there had been a procedural objection to the demonstration of some visual aids filed by Conteyor. We filed a short response to that. And I didn't want to bring visual aids up here until we had a sense of what Your Honor's... Visual aids usually aren't all that helpful, but if the other side has an opportunity to see them too, we'll take them. Thank you. You didn't talk about that? That's fine. May I just have a moment to bring them up? Well, yeah. That's one of the problems with visual aids. They take a lot of time and they tell us what's already in the briefs. Well, I will just get right to it then. Judge Beckwith was correct when she said that there is no question that figures 4 and 5 in the 119 patent shows a container that can be loaded from the side. On several occasions, she made the factual statement and conclusion that the figure 4 and 5 container can be side loaded. But we have prosecution history where your client stated the Bradford reference, I assume this is 119, clearly does not teach a dunnage structure having an open end which is in alignment, etc. Why isn't that controlling? For two reasons, Your Honor. The statement was made in the prosecution several years later of a later application in the chain. Well, the document doesn't change. The 119 patent and what it discloses is the same from the time the 119 patent was filed through to the time the 119 patent was issued. And that disclosure doesn't change based on an attorney's argument made several years later that was made in the alternative and was not accepted by the examiner and, in fact, was not relied upon by the examiner for any purpose. Do you have standing to address the side entry issue? I believe we do, Your Honor. The side loading issue pervades one specific aspect of this case at the moment procedurally and that is the district court found on summary judgment that the 096 patent is not entitled to the filing date of the 119 patent. And so that was a finding on summary judgment that there was clear and convincing evidence that So what's that relate to? Validity? It relates to validity because there is And the counterclaims of invalidity were thrown out with prejudice, correct? Only by the By district court. Dismissed with prejudice. The Contaer entity that is not before this court, Contaer North America, which was one of the two defendants, they asked to have their So the only way the validity issue is live is if you can get NV back in? If Contaer NV is back in on the jurisdictional issue, they have stated on the record that they intend to raise as a defense the validity of the 096 patent and they've raised the specter of intervening prior art. So the issue of the entitlement to the filing date is at play in this case and certainly would be at play in the future because But Contaer NV didn't join the summary judgment motion on filing date, did it? I believe that it was a dual motion by Contaer NV and Contaer NA. What hasn't happened, however, is Contaer NV on this appeal has not addressed in its briefs either the sideloading issue or the summary judgment of infringement issue on the word coupling. So the sole basis that Contaer NV is here today is on the question of jurisdiction and there is essentially then no opposition Well, except for its little footnote, nine at the end of its opinion. It's sort of trying to keep its skirt clean here because it doesn't want to get told by us that it's submitted to our jurisdiction and therefore submitted to the jurisdiction below. Correct, but I don't believe dropping a footnote is the equivalent to briefing an issue and certainly shouldn't allow somebody headway into presenting oral argument on something that was never briefed. In the situation we've got here it's sort of unusual because your adversary in terms of the judgment below isn't here, right? Essentially. So basically your adversary here is Judge Beckwith. So you have to convince us that Judge Beckwith is wrong. So you ought to take your arguments, you know, line them up against the judge, not line them up against some hypothetical argument that the domestic company might have been making or that the NV might make if it were willing to make it, right? Correct. All of the issues that are before you are actually on de novo review. On this particular issue, on the effective date issue, Judge Beckwith looked at the statement that your client made to the PTO that said it's not a side look. He was looking at that in essence and saying, well, either the statement you made to the PTO is true or it was a lie. Now you're saying it was a lie. Well, I wouldn't say it was a lie, Your Honor. It was false. Pardon me? False. You have to get rid of that statement, don't you? I don't believe... You can't do it on the file issue because Coopersmith came in later. I mean, there's more going on in front of the examiner. So your basis for sort of saying, well, we're only going to pay attention to that statement won't work. The 119 patent specification, which talks about or depicts in figures four and five... You can shove some stuff in the side if you wanted to. Correct. But your client stood up in front of the PTO and made a public record for competitors and everybody else to look at and said, it may look like you can stuff things in from the side, but that's not what the invention is. What actually happened before the PTO was the examiner cited the 119 patent as a 102 reference against the claims in the 096 patent, thereby finding each and every element claimed in 096 in 119. One of those elements, albeit a functional element, is that the 119 is a side-loadable container. These are container claims, bear in mind. They are not method claims, methods of loading. And he argued it's not there. Pardon me? And he argued it's not there in 119. Pardon me? He argued that the side-loading is not in the 119 patent to overcome that reference. Correct. And he's argued in the alternative that to the extent the elements are all present, then we will claim priority to and we file an amendment to recite a claim of priority under Section 120 to the 119 patent. So that's where the linkage came in. And the examiner accepted that. So what happened is the examiner's argument or position that the 119 had each and every element sufficient to be a 102 reference didn't get overcome. I mean, that was simply the way it went. And so then the examiner issued a rejection over 119 in combination with other art for which a terminal disclaimer was filed. Excuse me, Your Honor, I have a question. Can I ask a question about the interrelationship between the infringement issue and the jurisdictional issue? If we were to affirm Judge Beckwith's judgment that there's non-infringement here, then isn't the jurisdictional issue over N.V. moot? Yes. I believe that would be true. Because there would be no relief. Right. If there's no infringement, then there would be no point. So turning to the issue of the non-infringement finding. So what happened was there was a claim construction that the judge made earlier on. And on this coupling issue, it looked to me like the district court judge gave you the interpretation you asked for. Correct. And then when we get to the invalidity considerations, right, which are back at page 880 in the record, the trial judge then says, wait a second, I've got to revisit my claim construction. Right? Are you referring to the non-infringement summary judgment? Well, sure. If you look at the non-infringement, that's in A12 in the record. Yes. Okay. It talks a couple with the rails. And then they talk about, you know, what went on in terms of during the validity issue. Correct. Right. In addressing the invalidity, we held the patented suit don't encompass containers from Dunning's couple of support bars and support rails. And if you look now, it's back at page 880 where the trial judge was doing the invalidity analysis. Right. But it seemed to me that that's the judge's reason for saying that there was no infringement, is saying I'm going to ‑‑ I revised my claim construction from this sort of general couple language when I had to face the validity issue. And I looked at that O24 German publication. Correct. And I said to myself, well, in order for the invention to get by the O24, it has to couple itself up differently than the O24 did. Correct. And the O24 did it with rails. Right? Sort of. And so the trial judge said that's the reason why I'm going to find no infringement, because I'm going to construe the claims the same for infringement as I did for validity. Right? That's essentially what she did. That's exactly what she said. Now, you don't address that argument in your brief. In your brief you say, well, I think the trial judge later on made some implicit claim construction that the coupling has to be direct as opposed to indirect. Correct. That's not the same argument as the one she used to rule that there was no infringement. You mean no invalidity? Yeah. I mean the whole basis, the O24. Right. The argument here is that the accused device is coupling the same way the O24 did it. That is not our position at all. It can't be your position because that position you lose. The O24 patent or publication is different in other ways that do not align themselves with a finding of anticipation of the claims. Well, that may be true, too, but it also is different on the coupling point. The O24 reference has a complete decoupling of the dunnage from the structure. What are your other reasons for distinguishing the O24 patent? What I was just about to say, which is that the dunnage is completely decoupled from the rest of the container when it's folded up and sent away. It's just not connected. So the rest of the limitations in the claims at issue where the dunnage is erected and falls along with the erection and collapsing of the rack aren't present. Did you rely on this indirect coupling to distinguish the O24 patent or did Judge Beckwith come up with that on her own? We didn't make an argument about direct versus indirect in that context because if we had, then we would hardly be challenging the judge using an indirect coupling or excluding indirect coupling from the phraseology coupling, which she did adopt our definition, which is linked, connected, or joined. There's nothing in that definition that requires that it be a direct connection or a direct linkage or a direct joining. So into the time I've reserved, if you have any other questions, otherwise I'll respond to Mr. Lenahan on the jurisdictional issues after he speaks. Fine. Thank you, Mr. Irons. Mr. Lenahan. Thank you, Your Honor. May it please the Court. I'm here to discuss the jurisdictional issues, unless the Court has any other questions that they wanted to ask me. Let me first ask you about the 119 patent. Yes, sir. The Court said there is no question that is shown in Figures 4 and 5 the container can be loaded from the side. Hmm. That's the issue, isn't it? Your Honor. I mean, that's the counterpoint to what the patentee, the applicant, made during prosecution. Yes, sir. And whether it's possible to load Figure 4 of the 119 is not really the inquiry. The district court, as you say, acknowledged that it was possible. But you didn't brief those issues, right? We did not brief those, sir. So you're not really arguing that to us, right? Pardon me, sir? You're not really entitled to argue that to us, right? That would, uh, I would have to concede that. Are you submitting your client to the jurisdiction of this Court on the merits? I'm sorry, Your Honor. I did not hear you. Are you submitting your client to the jurisdiction of this Court on the merits of the issue that you've just been discussing in response to Judge Lurie? Your Honor, we feel that... You hope you're not, right? That's correct. That is correct, sir. But couldn't your answer to Judge Lurie have been, well, we're not here on the merits? That is also a fair statement. I was intrigued and wanted to answer that question to this tribunal, but I think your point is a good one, Your Honor. Your client is doing everything possible under the sun to stay out of the clutches of the jurisdiction of the United States Court, correct? My client at this point, I'm representing container, multi-bag container MV. Yeah, foreign. And they have, in Judge Lurie's opinion in Touchcom in discussing the K-1 and the K-2, 4K-1, 4K-2 issues, our position is that we do not and are not subject to 4K-2 because we are subject to the general jurisdiction of the Michigan Courts. We have never raised that before, but there has been a change in the jurisprudence since the decision in 2000. Did you argue that below, that you were subject to the jurisdiction of the Michigan Court? We did not, Your Honor, and we did not argue it either way. Our position was that we were not subject to the jurisdiction of the Ohio Courts. The Court agreed with us and dismissed. We were not under an obligation to participate in what- But now you haven't designated an alternative, so under Touchcom you have a problem, unless we treat you the same way we treated the party in Touchcom, which is to send it back and give you a chance to designate because you didn't understand our case law at the time, right? At the time, Your Honor, this Court had not decided Touchcom. Judge Beckwith decided this case approximately one year before- So are you asking us to vacate, send it back, and then you will make a designation? Your Honor, yes, we could do it that way. That would be fine. The reality is that we are saying that Michigan is the proper forum for this action, and that's why 4K2 does not apply. Well, but 4K2 under Touchcom applies unless you've made this alternative designation, which, at least up to now, you have not done. In our briefs, Your Honor, we did say that Michigan was appropriate. Interestingly, the other side has said that Michigan is appropriate, and now with the Touchcom decision, we are saying Michigan is appropriate. We are now faced with that, as Judge Lurie called it, the unenviable choice. Either negation- Well, you're willing to make it, right? You're telling us that faced with this unpleasant choice, you're willing to make it, is that a Michigan? We are willing to make the unen- Do you agree with your adversary that if we affirm on the merits of the infringement, then the jurisdictional issue is moved? That is correct, sir. And so your client was sort of like the deer caught in the headlights down below. You didn't quite know what you were supposed to do, right? Now you say if we are going to have more trial on the infringement,  That is correct, sir. It wasn't so much of a deer in the headlights as the jurisprudence at the time. Our obligation was to say that Ohio did not have personal jurisdiction. The court so found. Now our obligation, as the court's opinion in Touchcom forces us to do, is to say, okay, we are subject to a court of general jurisdiction in the United States, and that court is Michigan. But Judge Beckwith said under K-2 that if she took all the contacts in Michigan and all the contacts in Ohio and rolled them up into one, she still wouldn't have jurisdiction in Ohio, right? Yes, Your Honor. So that has to be wrong. Your Honor, the context- That judgment by her has to be wrong, right? Because you're now conceding that there are enough contacts to have jurisdiction in Michigan. The judgment based on the arguments made by Bradford, that judgment was incorrect. We did not participate, and Bradford calls that out in the briefs, we did not participate one way or the other as to whether or not Michigan was the proper form. Here we're saying there is a lot of evidence that Michigan is the proper form. We were not under the obligation until Judge Lurie's opinion in Touchcom gave us that obligation. My opinion was a decision of the panel representing the court. I'm sorry, Your Honor. Yes, thank you. And that uninviting choice, as the court referred to it, has been made, has been briefed by us, and is stated now. So help me out a little bit with the lay of the land here. Let's assume that we decide that the infringement judgment, you know, we don't buy either of the arguments on the effective date of the infringement, so the jurisdictional case is over. Is Bradford free to sue NV in Michigan? There's no estoppel, is there? I mean, NV is out of here. It wasn't part of the case. I would say that there is- I'm trying to get at, you know, whether or not the same thing can happen that would happen if we sent it back, you know, and you said, oh, get me a Michigan, so we're going to transfer the case to Michigan. Understood, Your Honor. The question is whether or not the court writes the transfer paper or whether Bradford writes a new complaint. If the matter is transferred, if Judge Beckwith is affirmed, is the Bradford Company free to sue NV in Michigan? Yes. We would then have a litigated patent, and we would have essentially the same arguments, but if they wish to bring an action against us, they're free to do so. I think that the action would be disposed of relatively quickly, but that is their decision to make, sir. I really have not much more to say. I appreciate your time. Thank you. Let us hear some rebuttal for Mr. Ahrens. You have two and a half minutes. Thank you, Your Honor. The Touchcom decision, while it did come after Judge Beckwith's ruling, was simply a reflection of the majority view, and so it isn't like a sea change in the law to wait until the Federal Circuit briefing to admit that jurisdiction was proper in Michigan when, as an alternative remedy at the district court to the motion to dismiss, Bradford said, well, in the alternative, transfer it to Michigan, and they sat silent. This case would have long ago been in Michigan if that's where they want to be and want to admit to jurisdiction, but they sat around and sat around and waited until we were coming to this court to make that revelation, and interestingly enough, it seems like a calculated gamble. If Judge Beckwith finds no due process is met, in other words, there isn't sufficient general jurisdiction anywhere in the U.S., and that's the one prong of the K-2 analysis that she based her decision on, i.e., there's not enough in Michigan, there's not enough in Ohio, there's not enough at the U.S. Patent Office and the Trademark Office. Roll it all up together. It doesn't get us there. Now you've got an admission that Michigan has sufficient contacts, so by definition that would eclipse the decision by Judge Beckwith that there isn't sufficient total contacts because now we know that a subset of the contacts is sufficient. So we can wait until now the case has gone this far in the process to get it transferred or sent to Michigan. Contayer, who failed to identify Michigan as an alternative form, should not be heard to now say the case should be in Michigan, and Judge Beckwith's decision that the due process prong of the K-2 analysis isn't met should simply be overturned de novo because it was an incorrect decision, which we now know is validated by the admission that jurisdiction in Michigan is proper. Thank you. Thank you, Mr. Owens. The case will be taken under advisement. All rise.